IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| ARVIND THAPAR, | |
|---|---|
| Plaintiff, | 8:15CV324 |
| vs. | |
| MOODY'S ANALYTICS SOLUTIONS, LLC, AND MOODY'S ANALYTICS, INC., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on plaintiff's Motion to Remand to State Court ("motion to remand"), Filing No. 11, and the magistrate judge's Order and Findings and Recommendation ("magistrate's recommendation") that this court grant plaintiff's motion. *See* Filing No. 28. In July 2015, plaintiff filed suit in the District Court of Douglas County, Nebraska. In his complaint, plaintiff alleges (1) a violation under the Nebraska Wage Payment and Collection Act, (2) breach of contract for failure to pay a pro-rated retention bonus pursuant to the Retention Bonus Letter, and (3) breach of contract for failure to pay severance under the initial employment agreement. Neither party filed an objection to the magistrate's recommendation pursuant to NECivR 72.2. Pursuant to 28 U.S.C. § 636, this Court will review the recommendation and findings of the magistrate judge de novo.

I. **Background**

After carefully reviewing the record, and because neither party offered any objection pursuant to NECivR 72.2, the court adopts the magistrate's factual findings. *See* Filing No. 28, at ECF pp. 1-4. The court will provide, however, a brief review of the facts relevant to its legal conclusions.

The case arises out of the employment relationship between the parties. In March 2014, plaintiff and defendants' predecessor in interest, WebEquity Solutions, LLC, consummated an employment agreement, and plaintiff began work in April, 2014. The employment agreement contained, in relevant part, a provision regarding plaintiff's severance benefits "[i]n the event [he was] terminated 'not for cause[.]'" [Filing No. 1-1, at ECF p. 12](). In the event plaintiff was terminated "not for cause," plaintiff would be entitled to "a six month severance based on [his] annual salary." *Id.* The agreement also provided that the severance "shall survive a change of control event[,]" and plaintiff would be awarded an additional six months of salary if "terminated by the buyer without cause within the first twelve months after the change in control[.]" *Id.* In July 2014, defendants acquired WebEquity Solutions, LLC.

On the acquisition date, July 17, defendants sent plaintiff two letters: a Retention Bonus Letter and a Continued Employment Letter. The Retention Bonus Letter offered plaintiff a one-time lump sum retention bonus if plaintiff remained an active Moody's employee in good standing through December 31, 2015. The Continued Employment Letter ratified the terms and conditions of plaintiff's initial employment agreement "except as amended by this letter." [Filing No. 1-2, at ECF p. 5](). The Continued Employment letter states, "You understand and agree that the severance terms set forth in the [initial employment agreement] are no longer of any force or effect and that your eligibility for severance shall be subject to the terms and conditions of the Moody's Corporation's Career Transition Plan." *Id.* Moody's Corporation's Career Transition Plan ("the Plan") states it "is designed to be an 'employee welfare benefit plan,' as defined in Section 3(1) of [ERISA], and is governed by ERISA." *Id.*

In December 2014, defendants advised plaintiff that his title was being changed from Chief Technology Officer to Senior Director, Product Strategy, which would diminish his incentive compensation opportunity. On January 6, 2015, plaintiff met with his supervisor to inquire about mutual separation prospects under the Plan. Defendants interpreted the inquiry as a formal resignation; however, plaintiff maintains, adamantly, that he only inquired about benefits under the Plan. In response to the alleged resignation, defendants offered plaintiff one month of severance pay in exchange for plaintiff signing a release of claims. Claiming that his employment had been terminated without cause, plaintiff alleges he demanded severance pay under the initial employment agreement, as well as the prorated amount of his retention bonus pursuant to the Retention Bonus Letter. Plaintiff alleges defendants have not paid him severance or a bonus.

Defendants removed the suit to federal court on September 1, 2015, claiming this court has original jurisdiction for Claim three because it concerns benefits under an ERISA plan. Defendants argued that, although the claim is for breach of contract, the only colorable claim for severance benefits falls under the Plan and not under the initial employment agreement—the former allegedly being governed, and thus completely preempted, by ERISA. On October 9, 2015, plaintiff moved to remand, arguing Claim three seeks benefits under an individually negotiated employment contract that does not implicate ERISA.

The dispositive issue before the court is whether plaintiff's claim seeks benefits under an independent contract or under a plan governed by ERISA. For the reasons set

forth below, this court accepts the magistrate's findings and recommendation, and thus grants the plaintiff's motion to remand.

## II. Analysis

### a. Law

The defendants, alone, carry "[t]he burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts[.]" *Arkansas Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Removal jurisdiction lies within the federal court "only if the action originally could have been filed there." *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014). "Removal based on federal question jurisdiction is usually governed by the well-pleaded complaint rule." *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005) (internal quotations omitted). The well-pleaded complaint rule "provides that federal jurisdiction may be invoked only where a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* "Under an exception or corollary to the well-pleaded complaint rule, however, a state-law claim may be removed to federal court when a federal statute wholly displaces the state-law cause of action, resulting in complete preemption." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015) (internal quotations omitted). "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption, the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (internal quotations omitted). "This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these

4

statutes." *Id.* at 207-08. Therefore, if an individual could have brought her claim under ERISA's civil enforcement provision, and no other independent legal duty is implicated by a defendant's actions, "the individual's cause of action is completely pre-empted by ERISA." *Id.* at 210.

### b. Discussion

Defendants bear the burden of establishing this court's jurisdiction. To do so, defendants argued plaintiff's severance benefits claim (i.e., Claim three) is completely preempted under ERISA, which, if true, would sufficiently establish federal question jurisdiction with this court. To support this conclusion, defendants first argued the severance provision contained in the initial employment agreement was nullified by the subsequent Continued Employment Letter. Defendants alleged the Continued Employment Letter implemented a new severance agreement (i.e., the Plan). As a result, defendants argued, plaintiff may seek severance benefits only under the Plan and not under the initial employment agreement. Defendants thus contend that, because the new severance agreement under the Plan was an ERISA-governed benefit, plaintiff's severance benefits claim (i.e., Claim three) must be completely preempted under ERISA.

The court agrees with the magistrate judge's conclusion and rejects defendants' argument. While it is true the doctrine of complete preemption "converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule[,]" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987), defendants failed to establish the severance benefits sought by plaintiff under the initial employment agreement fell within the purview of ERISA. The Court agrees that "[t]he

plaintiff's claim is based on the defendants' alleged failure to pay severance benefits in accordance with the [initial employment agreement], which is an independent agreement individually executed between the plaintiff and defendants." Filing No. 28, Order and Findings and Recommendation, at 8. *See also The Nebraska Methodist Hosp. v. State Law Enforcement Bargaining Council Employee Health*, No. 8:15CV216, 2015 WL 8328158, at *2 (D. Neb. Dec. 7, 2015) ("On the contrary, the entire dispute relates to the amount of payment, under a separate and distinct agreement, but not the right to payment.") *Id*. at 1. As stated by the magistrate judge, "[t]he effect of the Continued Employment Letter on the defendants' obligations to the plaintiff under the [initial employment agreement] does not implicate the Plan itself or require any interpretation of Plan documents. Count III of the plaintiff's complaint relates to the defendants' legal obligations to the plaintiff alone, and not to any of the Plan's participants." Filing No. 28. Order and Findings and Recommendation, at 8. The defendants bear the burden of establishing the facts necessary to show that federal jurisdiction exists by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). Defendants have not met that burden.

    c. **Attorney Fees**

The court has carefully reviewed plaintiff's request for attorney's fees and finds that such recovery is not warranted in this case. An award of attorney's fees is appropriate when the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants' contentions were not objectively unreasonable.

THEREFORE, IT IS ORDERED THAT:

1. Plaintiff's motion to remand, Filing No. 11, is granted.

2. The findings and recommendation of the magistrate judge, Filing No. 28, is adopted in its entirety.

3. The case is remanded to the Douglas County District Court, for the State of Nebraska. The clerk's office is directed to mail a certified copy of this memorandum and order of remand to the clerk of the State court.

Dated this 3rd day of May, 2016

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge